UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Saundra Feagins,<br>Debtor. | C/A No. 05-08208-W<br><br>**ORDER**<br><br>Chapter 13 |
|---|---|

This matter comes before the Court pursuant to Motion of William K. Stephenson ("Trustee") to require Debtor Saundra Feagin's ("Debtor") counsel, William Whitley Hodges ("Counsel"), to return attorneys' fees and Motion of Counsel to sanction Trustee, transfer Debtor's case to another trustee, and compel Trustee to recommend confirmation Debtor's proposed Chapter 13 plan. Based upon the record and the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. On July 21, 2005, Debtor, with assistance of Counsel, filed for bankruptcy under Chapter 13. Trustee was assigned as the trustee for Debtor's case.

2. Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b), Counsel submitted a Disclosure of Compensation ("Disclosure") disclosing that Counsel agreed to receive two thousand ($2,000.00) dollars to represent Debtor in her Chapter 13 bankruptcy. The Disclosure reveals Counsel agreed to prepare schedules and a plan for this compensation and the Disclosure specifically states that Counsel's fee agreement does not include Counsel's representation of Debtor in adversary proceedings.

3. Schedule F filed by Counsel on August 3, 2005, states that all but two of Debtor's

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

ENTERED
JAN 1 8 2006
**J.G.S.**

twenty-five unsecured creditors are owed fifty ($50.00) dollars. Counsel also filed a proposed plan on August 3, 2005 based upon the filed Schedules.

4. Pursuant to Fed. R. Bankr. P. 5005(a)(1), a creditor's proof of claim is filed with the Bankruptcy Clerk of Court for this district. The Court makes these filed claims available to the Bar via the internet.

5. Debtor's first meeting of creditors was held August 17, 2005. At the first meeting, Trustee advised Counsel that the proposed plan was not confirmable because the proposed plan payment would not accommodate the proposed distribution to creditors. Trustee requested that Counsel amend the proposed plan prior to the scheduled confirmation hearing. Trustee also requested that Debtor provide him certain documents prior to the confirmation hearing as required by Local Rule 3015-2. Trustee gave Counsel written instructions at the meeting of creditors detailing the necessary plan amendments and a list of documents needed.

6. By electronic mail, Trustee advised Counsel on October 3, 2005 that Counsel should submit an amended plan providing for a plan payment greater than what was required at the time of the meeting of creditors because an unsecured creditor filed a claim exceeding the $50.00 scheduled by Counsel.

7. Debtor's confirmation hearing was held October 6, 2005. Prior to that time, Counsel did not provide the documents requested by Trustee or file an amended plan and thus the Court did not confirm Debtor's plan. An Order was entered October 7, 2005, giving Debtor and Counsel ten (10) days to file an amended plan and submit the required documents to the Trustee.[2] Pursuant to the Order, Debtor's case would be subject to dismissal if Counsel did not file an amended plan within this timeframe.

---

[2] Accommodations were made by Trustee to Debtor and Counsel with regard to the required documents and Trustee gave Debtor and Counsel additional time to provide the documents.

8. Counsel did not file an amended plan within the ten days as required by the October 7, 2005 Order. Counsel's failure to timely file a confirmable plan prejudiced Debtor, as she was subject to having her case dismissed after October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Reform Act"). Despite the failure to comply with the Order, Trustee did not request the dismissal of Debtor's case because she was current in her proposed plan payments and was otherwise complying with the proposed plan.

9. On October 19, 2005, Trustee telephoned Counsel. Trustee advised Counsel that no amended plan had been filed and that Debtor's case was subject to dismissal. Trustee advised Counsel that he would move to seek the return of Counsel's attorney's fees if Counsel did not file a confirmable plan by the end of the day.

10. Counsel became ill on or about November 3, 2005. Counsel advised Trustee that he was ill and having difficulty filing documents. Counsel did not seek to withdraw as counsel for Debtor. Multiple electronic mails were exchanged between Counsel and Trustee at this time regarding whether Counsel filed an amended plan.

11. Counsel did not file an amended plan until November 8, 2005. The amended plan was not confirmable because Counsel did not account for filed claims, which exceeded the amounts appearing in Debtor's Schedules.

12. On November 9, 2005, Trustee filed Motion ("Trustee's Motion") to require return of Counsel's attorney's fees. Counsel filed a return to Trustee's Motion on December 19, 2005.

13. Trustee advised Counsel by electronic mail on November 29, 2005 that the amended plan was not confirmable because of a claim by the South Carolina Department of

3

Revenue exceeded the $50.00 scheduled in Debtor's Schedule F and a portion of the claim would be entitled to priority status pursuant to 11 U.S.C. § 507.

14. Counsel filed a second amended plan on December 8, 2005. The second amended plan was confirmable.

15. On December 19, 2005, Counsel filed the motion to transfer Debtor's case to another trustee, sanction Trustee, and compel Trustee to recommend confirmation of Debtor's second amended plan ("Counsel's Motion"). Counsel asserted that Trustee should be sanctioned for aggressive behavior in demanding that Counsel file an amended plan and that Counsel's failure to file an amended plan was associated with Trustee failing to provide Counsel with accurate numbers to enable Counsel to submit a confirmable plan. Counsel asserts that Trustee has communication problems with members of the Bar and that case should be transferred to a competent and ethical trustee. Trustee filed a return to Counsel's Motion on December 22, 2005.

16. Trustee recommended confirmation of Debtor's second amend plan on December 22, 2005 and the plan was confirmed by Order entered December 29, 2005.

17. Counsel did not testify at the hearing on Trustee's Motion or Counsel's Motion. Counsel did not present testimony or other evidence from other members of the Bar regarding Trustee's purported failure to act ethically and competently. Counsel did offer into evidence Counsel's Retainer Agreement and time sheets in Debtor's case. The time sheets indicate that Counsel has done approximately three thousand ($3,000.00) dollars of work for Debtor in this matter, at rate ranging between one hundred ($100.00) dollars to three hundred ($300.00) dollars per hour.

## CONCLUSIONS OF LAW

**A.     Trustee's Motion is Granted**

The Court has the authority and duty to review fees received by Counsel. 11 U.S.C. §§ 329 and 330; In re Stamper, C/A No. 02-09812-W, slip op. at 8-9 (Bankr. D.S.C Dec. 19, 2005). Fees are examined in light of whether they are reasonable, considering the benefit and necessity of Counsel's services. 11 U.S.C. § 330(a)(4)(B).

Although Counsel eventually submitted a confirmable plan on December 8, 2005, Debtor did not receive the value of services she paid Counsel to provide. Debtor's case was subject to dismissal for nearly a two month period because Counsel failed to file a confirmable plan.[3] Counsel is incorrect in his assertion that Trustee was required to perform the plan computations for him and specifically advise him how to amend the plan to make it confirmable. Counsel's Disclosure and Retainer Agreement reveal that Counsel agreed to file schedules and a plan for Debtor. Counsel's Retainer Agreement specifically states that Counsel will prepare amendments to Debtor's Chapter 13 plan until confirmed.

In addition to the South Carolina Rules of Professional Conduct, this Court has recognized that attorneys practicing before this Court owe certain inherent obligations to their clients, such as a duty to provide competent representation. See Stamper, slip op. at 6 (Competence is a fundamental standard and, when considered in the conjunction with a bankruptcy case, cannot be ignored). Counsel should also provide diligent representation to Debtor. Under these standards, Counsel should correctly complete Debtor's plan and timely file the plan and any necessary amendments. Counsel's failure to timely submit a confirmable plan

---

[3] Although Debtor did not suffer the adverse consequences of dismissal and potentially filing a new case under the Reform Act, there appears to be no other effective means to encourage Counsel and the Bar, without dismissing the cases of debtors who are in compliance with their proposed plan, to fulfill their obligations to their clients, other than granting Trustee's Motion. Debtor was in peril of having her case dismissed because of Counsel's inaction and Counsel did not timely act to prevent this peril.

5

is associated with Counsel's incorrect scheduling of Debtor's debt and Counsel's failure to review the claims filed by Debtor's creditors, which are readily accessible via internet. Counsel does not offer a sufficient excuse for not filing a confirmable plan for Debtor within the ten days following this Court's October 7, 2005 Order.[4] Although Counsel provided the Court with detailed time records indicating that Counsel performed, in his estimate, $3,000.00 of work for Debtor, much of this time after September appears to be associated with Counsel attempting to correct the mistakes made in the first and second plans he filed. The Court also questions the propriety of Counsel's time entry associated with Counsel researching and preparing Counsel's Motion. Considering the evidence presented, the record before the Court, and the totality of the circumstances, the Court is convinced that Counsel's charges to Debtor exceed the reasonable value of services that Counsel provided to Debtor.[5]

**B.     Counsel's Motion is Denied**

Sufficient evidence was not presented to warrant sanctioning Trustee or the transfer of Debtor's case. No competent evidence was presented by Counsel that other members of the Bar have a problem with Trustee.[6] Based upon the testimony of Trustee's staff attorney, it appears that the Trustee through electronic mail, telephone conversations, and letters made multiple attempts to help Counsel determine which documents he needed to submit and how Counsel needed to amend Debtor's plan to make it confirmable. These actions by Trustee do not indicate that Trustee was acting inappropriately or contrary to his duties as trustee. Trustee's actions, although helpful to Debtor and the administration of the case, were not required. Counsel, under the Fee Agreement and his duty to provide competent and diligent representation to Debtor,

---

[4] Counsel's illness apparently did not occur until aster the timeframe set out in the Order.
[5] Alternatively, 28 U.S.C. § 1927 provides grounds to require Counsel to return fees because Counsel's conduct and pleadings appear to have unreasonably multiplied the proceedings before this Court.
[6] Counsel objected to Trustee presenting evidence of deficiencies in Counsel's other cases with Trustee.

6

bears the burden of effectively representing Debtor and filing a confirmable plan. Trustee did not unreasonably withhold confirmation of Debtor's plan but recommended that the plan be confirmed before the objection period lapsed after Counsel submitted a confirmable plan.[7] The Court therefore finds there is not sufficient evidence to sanction Trustee or transfer Debtor's case to another trustee. Counsel's Motion as it relates to compelling Trustee to recommend confirmation is moot.

It is therefore ordered that Trustee's Motion is granted and, pursuant to 11 U.S.C. § 329(b), Counsel is required within ten (10) days of this Order to return two hundred ($200.00) dollars to Debtor's estate for distribution by the Trustee. Counsel shall not submit additional claims for attorneys' fees to Debtor's estate without receiving prior approval from the Court. Counsel's Motion is denied.

**AND IT IS SO ORDERED.**

John Waites
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 18, 2006

---

[7] Trustee apparently recommended confirmation in response to Counsel's Motion without waiting the traditional twenty-five (25) day objection period set forth in SC LBR 3015-1(e)(1).

7